IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEN LOWERY, *et al.*, | ) CASE NO. 1:05 CV 96 |
| | ) |
| Plaintiffs, | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| v. | ) |
| | ) |
| CITY OF CLEVELAND, | ) |
| | ) **MEMORANDUM OPINION &** |
| Defendant. | ) **ORDER** |

**I.     Introduction**

Before the Court is the motion by defendant City of Cleveland for summary judgment in its favor against plaintiffs Ken Lowery and Terrence Britton on all claims raised by plaintiffs' lawsuit.[1] The suit alleges that Cleveland police improperly arrested plaintiffs, as well as destroyed their personal property, while they, as licensed bail bondsmen,[2] were attempting to execute a felony warrant.[3] The plaintiffs have opposed the present motion.[4]

---

[1] ECF # 23.

[2] Both plaintiffs are identified as licensed bail bondsmen and fugitive recovery agents. They are referred to here as bail bondsmen in all subsequent references.

[3] Attachment to ECF # 1.

[4] ECF # 24.

This case, originally filed in state court, was removed here by the City for raising a federal question as to whether the City violated the plaintiffs' federal civil rights.[5] The parties have consented to the jurisdiction of the Magistrate Judge.[6]

After reviewing the motion, plaintiffs' opposition and the supporting material, and, in so doing, determining that resolving the motion does not entail the need for a hearing, the Magistrate Judge finds, for the reasons that follow, that the City of Cleveland's motion for summary judgment as to all federal claims is well-founded. Therefore, summary judgment will be granted to the City of Cleveland as to all claims based in federal law and the case returned to state court for further proceedings as to claims involving Ohio law.

## II. Facts

There is no dispute as to the basic facts underlying this case. As related in the affidavits of both plaintiffs,[7] on June 22, 2004 they were, as licensed bail bondsmen, pursuing a party charged with a felony in the City of Cleveland.[8] They phoned the Cleveland police prior to attempting service of the warrant to inform them of who they were, what they were planning to do, the identity of their vehicle, and the location where they believed the fugitive was to be found.[9]

---

[5] ECF # 1.

[6] ECF # 11.

[7] ECF # 24, Ex. 1 (Affidavit of Ken Lowery), Ex. 2 (Affidavit of Terrence Britton).

[8] *Id*., Exs. 1 and 2 at ¶¶ 2, 3.

[9] *Id*. at ¶ 4.

Despite that notice, they were arrested by police for trespassing at that location and were jailed for three days.[10] In addition, their car, which was impounded by police at the time of the arrest, was destroyed, along with all the personal property inside, after a state judge had issued an order prohibiting such action.[11] Neither plaintiff was charged with a crime[12] and neither has been compensated.[13]

On December 30, 2004, Lowery and Britton brought suit in state court against the City of Cleveland[14] raising four causes of action:

1. The plaintiffs "were arrested without probable cause, reasonable suspicion or any evidence that they had committed a crime."[15]

2. The arrest of the plaintiffs prevented them from capturing the fugitive they were seeking, "thereby causing them to forfeit the their fee to which they were entitled," and further causing a "chilling effect upon their work as bail bond and fugitive recovery agents" that resulted in loss of income.[16]

3. The actions of the city evidence "deliberate, willful, malicious and wanton behavior," as well as "bad faith," and deprived the plaintiffs of their "state and federal constitutional rights to be free of such conduct..."[17]

---

[10] *Id.* at ¶ 6.

[11] *Id.* at ¶ 7.

[12] *Id.* at ¶ 6.

[13] *Id.* at ¶ 10.

[14] Attachment to ECF # 1.

[15] *Id.* at ¶ 16.

[16] *Id.* at ¶¶ 18, 19.

[17] *Id.* at ¶¶ 21, 22.

    4.       The city "as a matter of custom, policy and practice, and by failing to properly train, sanction or discipline the Cleveland Police Officers involved, caused and encouraged the unlawful conduct described[,]" thereby depriving plaintiffs of federal constitutional rights in violation of 42 U.S.C. § § 1981, 1983 and 1988.[18]

As noted, the City removed this matter to this Court on January 19, 2005, and, together with the plaintiffs, consented to the jurisdiction of the Magistrate Judge on July 5, 2005. Subsequent to the completion of discovery, on March 23, 2006, the City moved for summary judgment as to all claims, and the plaintiffs filed a response in opposition.

The City contends that it is entitled to summary judgment on the federal claims because, under the holding of the United States Supreme Court in *Monell*,[19] a municipality cannot be liable for the unconstitutional acts of its employees under a theory of *respondeat superior*.[20] Morever, it asserts that the facts of a single act of wrongdoing cannot establish either that the city was deliberately indifferent to the rights of its citizens or maintained a policy, custom or practice of inadequately training or supervising its police officers.[21]

In addition, the City argues that Ohio law provides that it is entitled to immunity from all of the plaintiffs' state law claims.[22]

---

[18] *Id.* at ¶¶ 24, 25.

[19] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[20] ECF # 23 at 4.

[21] *Id*. at 5.

[22] *Id*. at 6.

The plaintiffs, in response to the City's position as to federal law, maintain that there remains an issue as to exactly what training the City provided to its police officers.[23] Citing the United States Supreme Court's holding in *City of Canton v. Harris*,[24] the plaintiffs assert that their basis for recovery "is beyond obvious misconduct and needless arrest, but, in addition, [includes] the lack of adequate, appropriate and specific training which would have avoided [the plaintiffs'] unnecessary arrest, jailing and destruction of personal property."[25] They maintain that this claim cannot be resolved in the City's favor on summary judgment since "the particular and apparent deficiency in training of the police officers[,] combined with the apparent malicious conduct toward Plaintiffs, *** certainly caused, or at least contributed [to,] the arrest of the Plaintiffs and the destruction of various personal property."[26]

Moreover, as to state law, the plaintiffs contend that the Ohio statute conferring immunity upon municipalities also precludes the use of immunity in cases, such as the complaint alleges here, of malice, bad faith, or actions taken in a wanton or reckless

---

[23] ECF # 24 at 3.

[24] *City of Canton v. Harris,* 489 U.S. 378 (1989).

[25] ECF # 24 at 5.

[26] *Id.* at 4.

-5-

manner.[27] Accordingly, they assert that summary judgment in the City's favor is unwarranted as to the state law claims.[28]

## III. Analysis

### A. *Summary judgment*

The standard for evaluating motions for summary judgment is well-documented and well-known. Federal Rule of Civil Procedure 56(c) provides in pertinent part that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[29]

The burden of showing the absence of any such genuine issue of material fact is on the moving party.[30] The reviewing court must construe the evidence "in the light most favorable to the party opposing the motion."[31] However, when confronted by evidence of a material fact by the movant, the non-moving party may not simply rely on the mere allegations of the pleadings to avoid summary judgment but must "produce evidence that

---

[27] *Id.* at 5.

[28] *Id.* at 6.

[29] Fed. R. Civ. P. 56(c).

[30] *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

[31] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

results in a conflict of material fact to be solved by a jury."[32] The reviewing court is not permitted to weigh the evidence or evaluate the truthfulness of witnesses. [33]

### B. Federal substantive law

Initially, the Magistrate Judge observes that the plaintiffs here have founded their federal claims on violations of 42 U.S.C. §§ 1981, 1983, and 1988.[34] While the City here has made its argument for summary judgment exclusively in terms that the record does not prove a violation of § 1983,[35] and the plaintiffs have not contested that reasoning,[36] due regard for the specific statutory basis for the claims made in the complaint requires consideration of how the other cited sections may be involved by this motion.

### 1. Sections 1981 and 1988

Specifically, since enactment of § 101 of the Civil Rights Act of 1991, there has been a split among the circuits as to whether that legislation overruled the prior holding of *Jett v.*

---

[32] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[33] *Anderson* v. *Liberty Lobby*, 477 U.S. 242, 249 (1986).

[34] Attachment 1 to ECF # 1 at ¶ 1.

[35] *See*, ECF # 23 at 3, where the City begins its review of what it considers to be the applicable law by stating that a "local government may only be held liable under § 1983" when the governmental entity itself commits the constitutional violation, thus precluding liability under a *respondeat superior* theory, and in cases cited at 4 -5 which construe § 1983 in situations where deficient training or the maintenance of a constitutionally defective municipal custom, policy or practice is the gravamen of the complaint.

[36] *See*, ECF # 24 at 5 where the plaintiffs argue that the case should survive summary judgment based on the application of *City of Canton*, which construed how liability is established under § 1983.

*Dallas Independent School District*[37] that "the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violations of the rights declared in § 1981."[38] This issue has not yet been decided by the Sixth Circuit.[39]

However, even if it should be determined that the rule in *Jett* has now been superseded by statute to permit independent claims under both § 1981 and § 1983 to be maintained against a municipality, there is no dispute among the circuits that any independent § 1981 cause of action could not proceed on a basis of *respondeat superior* and so relieve a plaintiff from establishing that a municipality acted pursuant to a policy or custom as was defined in *Monell*.[40]

Accordingly, even if the complaint here is read as asserting an independent statutory basis for the plaintiffs' claims in § 1981 as against a basis in § 1983 – a reading which is not supported by the plaintiffs' failure to contest the City's exclusive reliance on cases construing the application of § 1983 in its current motion – the Magistrate Judge concludes that the analysis in the cases cited in *Powell* is persuasive and that even an independent

---

[37] *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989).

[38] *Id.* at 731. *See*, discussion in *Powell v. City of Pittsfield*, 143 F. Supp. 2d 94, 111-12 (D. Mass. 2001) for brief synopsis of the opposing views and reasoning of the various circuits which have addressed the issue.

[39] *See*, *Malone v. Shelby County Gov't*, No. 04-2810 M1/P, 2005 WL 2114053 (W.D. Tenn. Aug. 30, 2005 ) at *2 fn.4. "There are no reported decisions of the United States Court of Appeals for the Sixth Circuit interpreting the applicability of the *Jett* decision to cases similar to the instant case [where separate claims are asserted against a municipality under §§ 1981, 1983 subsequent to the enactment of the Civil Rights Act of 1991]."

[40] *Powell*, 143 F. Supp. 2d at 113-14.

§ 1981 claim would need to proceed without reliance on *respondeat superior* as a theory of liability, but only by reference to the standards set forth in *Monell*.[41]

Further, inasmuch as the plaintiffs here also state that they are proceeding pursuant to § 1988, the Court notes that the portion of the Supreme Court's holding in *Jett* that remains uncontroverted is that § 1988 does not permit the use of common law theories, such as vicarious liability, when federal statutes provide explicit remedies for enforcing the rights guaranteed in the civil rights laws.[42]

Therefore, the Court concludes that neither § 1981 or § 1988 provide any independent basis for proceeding with claims that are otherwise supportable under § 1983, and that the plaintiffs' federal claims here are to be considered pursuant to § 1983 and the case law construing its application.

*2.     Section 1983*

*a.    Overview*

As noted, *Monell* holds that § 1983 liability cannot be found against a municipality simply because it employs a tortfeasor.[43] Rather, liability attaches only upon a showing that the plaintiff's civil rights were violated as a result of a custom or policy established and

---

[41] *Id.* at 114.

[42] *Jett*, 491 U.S. at 732-33. To the degree that plaintiffs here rely on § 1988 simply to provide the basis for an award of attorney's fees in a § 1983 matter, *see*, 42 U.S.C. § 1988(b), that reliance is not effected by the analysis in *Jett,* but obviously rests on successfully maintaining the underlying action.

[43] *Monell*, 436 U.S. at 694.

maintained by the governmental entity.[44] In addition, the Supreme Court in *City of Canton* held that a government may also have § 1983 liability under a theory that its failure to properly train its employees "reflects deliberate indifference to the constitutional rights of [its] inhabitants."[45]

In their complaint, the plaintiffs' have raised both theories of permissible recovery under § 1983[46] by contending that the City, "as a matter of custom, policy and practice, and by failing to properly train, sanction or discipline" the officers involved, caused the unlawful conduct at issue.[47] Accordingly, each theory of liability will be addressed separately.

*b.   Improper training*

The Sixth Circuit, in *Fisher v. Harden*,[48] recently stated that to prevail on a § 1983 claim of improper training, a plaintiff "must prove that [the city] was deliberately indifferent to the rights of its citizens that came into contact with [police officers]."[49] To establish such deliberate indifference, the § 1983 plaintiff must "show prior instances of unconstitutional

---

[44] *Id.*

[45] *City of Canton,* 489 U.S. at 392.

[46] A § 1983 plaintiff may also seek to affix liability by looking to a city's legislation or official rules, or to actions taken by an official with final decision-making authority in the area in question. *See*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). These bases of recovery are not at issue here and, consequently, not addressed.

[47] Attachment to ECF # 1 at ¶ 24.

[48] *Fisher v. Harden,* 398 F.3d 837 (6th Cir. 2005).

[49] *Id.* at 849.

conduct demonstrating that the [city] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury."[50]

Here, the plaintiffs have essentially argued that improper training must be inferred from the events of this case[51] and have not identified any "history of abuse" that would have put the City on notice of a deficiency in training that would be likely to cause injury.

The Supreme Court in *City of Canton* has specifically rejected such a theory of recovery based on even the proven misconduct of individual officers:

> That a particular officer may have been unsatisfactorily trained will not alone suffice to fasten liability on the city, for an officer's shortcomings may have resulted from factors other than a faulty training program. It may be, for example, that an otherwise sound program has been occasionally negligently administered. **Nor will it suffice to prove that an injury or accident could have been avoided if an officer had more or better training sufficient to equip him to avoid the injury-causing conduct**. Such a claim could be made about almost any encounter resulting in an injury, yet not condemn the adequacy of the program to enable officers to respond to the ususal and recurring situations with which they must deal.[52]

---

[50] *Id.*

[51] ECF # 24 at 5. "[T]he actual basis for recovery is ... the lack of adequate, appropriate and specific training that would have avoided [the plaintiffs'] unnecessary arrest, jailing and destruction of personal property." *See also* ECF # 23 (City of Cleveland's motion for summary judgment) attachments 1 (answers of Ken Lowery to interrogatories) at 2, "If the officers were properly trained and failed to act appropriately, this would establish improper training;" and 2 (answers of Terrence Britton to interrogatories) at 2, "If the officers were properly trained, they would have known not to interfere with a lawful arrest."

[52] *City of Canton*, 489 U.S. at 390-91 (emphasis added).

Although the City of Cleveland has not tendered an affidavit attesting to the existence of adequate training for police officers in dealing with bail bondsmen,[53] nor of the absence of any history of abuse concerning treatment of bail bondsmen by police, it is the plaintiffs here who have failed to meet their threshold burden of offering proof of any history of abuse that would have put the City of Cleveland on notice of a deficiency of training that was likely to cause injury.

Thus, without any basis in a history of abuse for concluding that the City of Cleveland was clearly on notice that its training in this area was deficient – such notice being necessarily more than an inference from the facts of this case – the City's motion for summary judgment on this theory of recovery concerning plaintiffs' § 1983 claim is well-founded.

*c.     Unconstitutional practice, policy or custom*

In *Thomas v. City of Chattanooga*,[54] the Sixth Circuit recently restated what must be proved to establish a claim for damages under § 1983 arising from the maintenance of a constitutionally defective governmental practice, policy or custom:

---

[53] The City did state in response to a specific written interrogatory seeking the name of "the individual responsible for training police officers regarding the proper procedures or policies" to be used in dealing with bail bondsmen that officers "receive training from various instructors" at the police academy. *See*, ECF # 24, Ex. 6. at ¶ 7. It did not, as noted, state that such training was adequate, nor that it has not had a history of abuse concerning how police acted towards bail bondsmen.

[54] *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005).

(1)     the existence of a clear and persistent pattern of [illegal activity];
(2)     notice or constructive notice on the part of the [defendant];
(3)     the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
(4)     that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation.[55]

Furthermore, as is the case with allegations of improper training, the presence of a constitutionally infirm practice, policy or custom cannot be established by even a single incident of proven misconduct.[56]

Considering the present claim in light of the four elements that *City of Chattanooga* directs must be present in a successful § 1983 action based on an unconstitutional practice, policy or custom, it is apparent that none of the requisite findings may be made on this record, even when construing it most favorably to the plaintiffs.  There is no evidence of record of a "clear and persistent pattern" of abusing bail bondsmen in the performance of their work; no evidence of the City being on actual or constructive notice of such a pattern; nothing to establish that the City tacitly approved of any pattern of abuse such that this "deliberate indifference" could be said to be the City's official policy of inaction; and no evidence that such deliberate indifference to a "clear and persistent pattern" was the "moving force" behind the plaintiffs' injuries.

---

[55] *Id.* at 429, citing *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996).

[56] *Id.* at 432-33.  "The danger in appellants' argument is that they are attempting to infer a municipal-wide policy based solely on one instance of potential misconduct.  This argument, taken to its logical end, would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard.  This path to municipal liability has been forbidden by the Supreme Court [in *Monell*]."

Rather, there is, at best, allegations of police misconduct particular to these plaintiffs. As *City of Chattanooga* directly states, even if true, such particularized error will not be sufficient to establish a § 1983 claim based on the maintenance of an allegedly unconstitutional policy, practice or custom.

Accordingly, as with the prior theory of recovery, the Court finds that the City's motion for summary judgment as to this basis for § 1983 recovery is well-founded. Therefore, the City is granted summary judgment in its favor as to all of plaintiffs' § 1983 claims.

### C.     *State law claims*

The state law claims are before this Court on removal pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction on federal courts over all claims related to those over which the court has original jurisdiction. However, 28 U.S.C. § 1367(c)(3) further provides that a district court may decline to exercise such supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."

The Supreme Court has held that under this statute "a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain."[57]

In *Landefeld v. Marion General Hospital*, the Sixth Circuit re-stated the rule that:

> [G]enerally, "if the federal claims are dismissed before trial ... the state claim should be dismissed as well."  A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance

---

[57] *Carnegie-Mellon Univ. v. Cohill,*  484 U.S. 343, 348 (1988).

those issues against needlessly deciding state law issues. This court will review [that decision] only for an abuse of discretion by the district judge.[58]

Here, the federal claims have been dismissed by the grant of summary judgment to the City. In addition, this case is still at the motions stage, with a trial date being months in the future and so does not present an issue of judicial economy in retaining jurisdiction over the pendent claims. Nor is there any apparent unfairness in remanding the case to the state court where plaintiffs originally elected to file it.

Moreover, the remaining state-law issues involve claims based on Ohio statutes, to which the defendant has asserted defenses arising from Ohio law. In such circumstances, a federal court should not needlessly decide issues of Ohio law that could well be adjudicated in an Ohio court.

## IV.    Conclusion

Accordingly, defendant City of Cleveland is hereby awarded summary judgment in its favor on all claims asserted under federal law. In addition, this Court declines to exercise further jurisdiction in this case and hereby orders that all remaining claims that have survived the partial grant of summary judgment to the City be remanded to state court for further proceedings.

IT IS SO ORDERED.

Dated:   July 17, 2006                                         s/ William H. Baughman, Jr.
                                                                United States Magistrate Judge

---

[58] *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (internal citations omitted).